## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Andrew Chartier, | : |
| | : |
| Plaintiff, | :    Civil Action No.: |
| v. | : |
| | : |
| Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC; and Experian Information Solutions, Inc., | :    **CLASS ACTION COMPLAINT** |
| | : |
| Defendants. | : |
| | : |

Plaintiff, Andrew Chartier, by undersigned counsel, hereby submits his Class Action Complaint as follows:

### INTRODUCTION

1.    In 1971, Congress passed the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Pursuant to that purpose, Congress imposed "reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b).

2.    Under the FCRA, credit reporting agencies are required to report consumers' credit information completely and accurately, and must delete any information which is disputed by a consumer which the credit reporting agency is unable to verify as accurate and complete. *See* 15 U.S.C. § 1681i(a)(5) ("Treatment of Inaccurate or Unverifiable Information").

3.    Once information has been deleted pursuant to a consumer dispute, the FCRA imposes specific requirements before that information is 'reinserted' into the consumer's credit

report.  First, "information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate." 15 U.S.C. § 1681i(a)(5)(B)(i).  Second, "the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency." 15 U.S.C. § 1681i(a)(5)(B)(ii).  Third, as part of or in addition to that notice to the consumer, "a consumer reporting agency shall provide to a consumer in writing not later than 5 business days after the date of the reinsertion—(I) a statement that the disputed information has been reinserted; (II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and (III) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information." 15 U.S.C. § 1681i(a)(5)(B)(iii).  Moreover, "credit reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted." 15 U.S.C. § 1681i(a)(5)(C).  The FCRA provides for actual damages, statutory damages, punitive damages, and attorneys fees for private enforcement of 15 U.S.C. § 1681i. *See* 15 U.S.C. §§ 1681n, o.

4.      In addition to its regulation of credit reporting agencies, the FCRA regulates actions of credit information furnishers.  The FCRA generally requires furnishers to provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(a).  It also imposes duties on furnishers upon notice from a credit reporting agency of a consumer dispute. 15 U.S.C. § 1681s-2(b).  Upon notice of consumer dispute with regard to the completeness or accuracy of a credit report, a furnisher must "(A) conduct an investigation with respect to the disputed

2

information; (B) review all relevant information provided by the consumer reporting agency . . . ; (C) report the results of the investigation to the consumer reporting agency; . . . and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or <u>cannot be verified</u> after any reinvestigation . . . —(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information. 15 U.S.C. § 1681s-2(b) (emphasis added).   The FCRA provides for actual damages, statutory damages, punitive damages, and attorneys fees for private enforcement of 15 U.S.C. § 1681s-2(b). *See* 15 U.S.C. §§ 1681n, o, s-2(c); *see, e.g.*, *Saunders v. Branch Banking & Trust Co. of VA*, 526 F.3d 142, 149-50 (4th Cir. 2008) (finding furnisher liable in private suit under § 1681s-2(b)).

5.     Here, Plaintiff disputed Defendant Experian's reporting of his debt, and the trade line was <u>deleted</u>.   Plaintiff sued Defendant Green Tree over the accuracy of its information furnishing.   During the pendency of that case,[1] while the issues of accuracy remained unresolved, Green Tree boldly decided to continue to furnish the still-disputed, unresolved (and thus <u>unverifiable</u>) information to the credit reporting agencies.   Green Tree thus violated 15 U.S.C. § 1681s-2(b) by continuing to report <u>unverifiable</u> information.

6.     Moreover, Defendant Experian received Green Tree's information, and <u>reinserted</u> the information into Plaintiff's credit report without (1) receiving Green Tree's <u>certification of accuracy</u>, or (2) <u>notifying Plaintiff</u>.   Experian thus violated the FCRA's regulations on reinsertion of once-deleted material. 15 U.S.C. § 1681i(a)(5); *see, e.g.*, *Boris v. Choicepoint Servs., Inc.*, 249 F. Supp. 2d 851, 858 (W.D. Ky. 2003) (finding consumer plaintiff stated a claim

---

[1] Plaintiff files this class action as a related matter to his initial FCRA case, *Andrew Chartier v. M. Richard Epps P.C.*, No.: 1:14-cv-01071-JFM (D. Md.) (the "Original Suit").   This action is related to but not duplicative of the Original Suit because (1) this case seeks to enforce different FCRA violations occurring approximately two years after the FCRA violations alleged by Plaintiff in the Original Suit, and (2) Plaintiff brings this case as a class action under the FCRA, whereas the Original Suit is an individual action for breach of contract and violations of the FCRA and the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*

that defendant credit reporting agency reinserted previously deleted material without checking its accuracy, notifying consumer of reinsertion, or maintaining reasonable procedures to prevent reinsertion of false information).

## JURISDICTION

7.     This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

8.     The jurisdiction of this Court is conferred by 28 U.S.C. § 1367, in that this action arises under the FCRA.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

10.     The Plaintiff, Andrew Chartier ("Plaintiff"), is an adult individual residing in Hagerstown, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

11.     Defendant Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Green Tree") is a Delaware corporation with an address of 1100 Virginia Drive, Suite 100A, Fort Washington, PA 19034.   In addition to providing and servicing consumer loans, Green Tree furnishes consumer information to credit reporting agencies.

12.     Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with an address of 475 Anton Blvd., Costa Mesa, California 92626, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

4

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13.     The Plaintiff incurred a financial obligation (the "Debt") to Green Tree.

14.     On September 21, 2011, Chartier and Green Tree entered a Settlement Agreement and Release (the "Agreement") for Plaintiff to pay the Debt. *See* Exhibit A attached hereto.

15.     The Settlement Agreement is ambiguous in that it calls for payment of $21,136.00 by an initial installment of $2,500 and then 48 monthly payments of $328.26.

16.     The Agreement allowed for prepayment.

17.     Plaintiff made the initial installment of $2,500 and then 48 payments of $328.26 ahead of time by July 29, 2013, totaling $18,256.48.

18.     In December of 2013, Plaintiff obtained his credit report and discovered that the Debt was being reported negatively on his credit report as having a balance past due of $26,996.00 and $30,582.00.

19.     Plaintiff disputed the reporting of the Debt to Experian by letter dated December 15, 2013.  Plaintiff disputed that the Green Tree Debt had a past due balance.

20.     Experian informed Green Tree of the dispute.

21.     Plaintiff obtained his credit report again in May of 2014 and discovered that Experian had deleted its reporting of the Debt.

22.     Green Tree was notified of Experian's deletion of its reporting of the Green Tree Debt.

23.     On May 20, 2014, Plaintiff sued Green Tree in this Court under the FCRA (the "Original Suit").

24.     Plaintiff and Green Tree continue to litigate Plaintiff's FCRA claims.  In the Original Suit, Green Tree has argued that the Agreement required 48 payments of $388.26 per

month, not $328.26 per month, and that the discrepancy was the result of a typographical error. Plaintiff remembers specifically negotiating the $328.26 term with Green Tree's agent.

25.     In the Original Suit, Green Tree has claimed that Plaintiff has breached the Agreement and continues to owe a remaining pre-Agreement amount of $24,016.69.

26.     In or around August of 2015, Green Tree merged with another corporation and the newly-formed corporation took on the name Ditech Financial, LLC.

27.     On November 19, 2015, while the Original Suit was still pending, Plaintiff obtained his credit report through Experian and discovered that despite his disputes, Experian's previous deletion of the reporting, and his ongoing lawsuit with Green Tree, Experian had reinserted the negative credit report regarding the Green Tree Debt under the "Ditech" name. Both Defendants reported a "Past Due Amount" of $24,017.00, the (rounded) amount claimed by Green Tree in the Original Suit.

28.     Moreover, Experian was not reporting the reinserted Debt as disputed.

29.     Plaintiff has disputed Defendants' reporting of the Debt and maintains a lawsuit with Green Tree regarding the accuracy of the reporting.  There is little else Plaintiff can do to continually dispute the Green Tree Debt.

30.     Nevertheless, Green Tree furnished information it knew to be false, incomplete, or unverifiable. On information and belief, as late as October of 2015, Green Tree furnished to Experian that the Debt continued to have a past due balance of $24,017.00 and that the Debt was undisputed.  On information and belief, Experian then reinserted the information as furnished by Green Tree without obtaining Green Tree's certification of accuracy.

31.     Experian did not inform Plaintiff of its reinsertion of previously deleted material regarding the Debt, in writing or otherwise.

32.     Defendants did not maintain reasonable procedures to prevent the reappearance of the Debt in Plaintiff's file.

33.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

34.     As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## <u>CLASS ACTION ALLEGATIONS</u>

**A.     <u>The Classes</u>**

35.     Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

36.     Plaintiff's proposed Classes are as follows:

**<u>Green Tree Class:</u> All persons in the United States whose debt (1) Green Tree was informed by a credit reporting agency would be modified or deleted pursuant to a bona fide dispute, and (2) Green Tree continued to report as undisputed, (3) resulting in the debt being reinserted as undisputed.**

**<u>Experian Notification Class:</u> All persons in the United States whose debt Experian reinserted into a credit report without providing written notice.**

**<u>Experian Certification Class:</u> All persons in the United States whose debt Experian reinserted into a credit report without receiving a certification of accuracy of information from the furnishing entity.**

37.      Excluded from these definitions are (a) Defendants, their corporate parents, subsidiaries, and affiliates, or any person controlled or controlling such excluded persons, including their legal representatives, heirs, successors and assigns; and (b) all persons whose claims arose outside the applicable statute of limitations.

**B.**     **Numerosity**

38.     On information and belief, it is Green Tree's policy to continue to report debts it knows remain disputed as undisputed, and it did so here systematically and in conjunction with hundreds if not thousands of debts.

39.     On information and belief, Experian reinserted hundreds if not thousands of consumers' debts without having received furnishers' certification of accuracy and without having notified the consumers.

40.     The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**C.**     **Common Questions of Law and Fact**

41.     There are common questions of law and fact raised in this Class Action Complaint which predominate over any questions affecting only individual Class members.

42.     The questions of law and fact common to the Classes concern whether Green Tree's credit information furnishing violated 15 U.S.C. § 1681s-2(b)(1), and whether Experian's credit reporting violated 15 U.S.C. §§ 1681e(b), 1681i(a)(5)(B)(i) & (ii), and 1681i(a)(5)(C).

43.     The following questions of law and fact, common to the Class members, are ripe for determination:

> (a) Whether Green Tree had a duty to discontinue reporting once-deleted debts as undisputed;
>
> (b) Whether Green Tree willfully disregarded this duty;
>
> (c) Whether Experian obtained certifications of accuracy from credit information furnishers prior to reinserting once-deleted debts;
>
> (d) Whether Experian notified consumers of its reinsertion of once-deleted debts;

(e) Whether Experian maintained reasonable procedures designed to prevent the reappearance of once-deleted information in consumers' files;

(f) Whether Green Tree's name change resulted in Experian's reinsertion of Green Tree debts;

(g) Whether Green Tree knew that its name change would result in reinsertion of Green Tree debts without Green Tree certifying accuracy.

44.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendants routinely furnished and reported inaccurate information without certification and without notice to consumers are true, Plaintiff and the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.     Typicality**

45.     Plaintiff's claims are typical of the claims of the Classes since each of the claims arises from the same or a substantially similar pattern of credit information furnishing and reporting: reporting was deleted, Green Tree continued to report as undisputed, credit reporting agencies received information and reported debt accordingly, without (a) acquiring furnisher certification of accuracy, or (b) notifying the consumer.

**E.     Protecting the Interest of the Class Members**

46.     Plaintiff will fairly and adequately represent Class interests.

47.     All Class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

48.     Plaintiff has retained counsel experienced in litigating class actions and debt collection abuse claims and who stands ready, willing, and able to represent the Classes.

**F.     Proceeding Via Class Action is Superior and Advisable**

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  District courts routinely certify class actions under the FCRA. *See, e.g.*, *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665 (D. Md. 2013) (ruling settlement classes satisfied prerequisites for class certification); *see also Kingery v. Quicken Loans, Inc.*, 300 F.R.D. 258 (S.D.W. Va. 2014); *Chakejian v. Equifax Info. Servs. LLC*, 256 F.R.D. 492 (E.D. Pa. 2009).

50.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

51.     The members of the Classes are generally unsophisticated individual whose rights will not be vindicated absent a class action.

52.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

53.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant and other furnishers and credit reporting agencies. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

54.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***

55.     Plaintiff incorporates by references all of the above paragraphs of this Class Action Complaint as though fully stated herein.

56.     In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

57.     Experian violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

58.     Experian violated 15 U.S.C. § 1681i by reinserting previously deleted material without checking its accuracy; by reinserting previously deleted material to consumers' files without obtaining furnishers' certifications of accuracy; by reinserting previously deleted material to consumers' files without notifying consumers in writing; and by failing to maintain reasonable procedures designed to prevent the reappearance of once-deleted information.

59.     Green Tree violated 15 U.S.C. § 1681s-2(b) by failing to modify, delete, or permanently block the reporting of inaccurate, incomplete or unverifiable information.

60.     Defendants' conduct, actions and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' conduct was negligent, entitling Plaintiff and the Classes to recover damages under 15 U.S.C. § 1681o.

61.     Defendants are liable for actual damages pursuant to 15 U.S.C. § 1681n and/or §1681o.

11

62.     Plaintiff and the Classes are entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants, jointly and severally, as follows:

1.     Statutory and actual damages pursuant to 15 U.S.C. § 1681;

2.     Attorneys fees and costs pursuant to 15 U.S.C. § 1681;

3.     Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 5, 2016                    Plaintiff, Andrew Chartier

By:    */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF